**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Civil Action No. 3:17-cv-00317-MOC-DCK**

| | | |
|---|---|---|
| THOMASINA BURROWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLOTTE-MECKLENBURG | ) | **ANSWER** |
| BOARD OF EDUCATION, d/b/a | ) | |
| CHARLOTTE-MECKLENBURG | ) | |
| SCHOOLS, | ) | |
| DR. MARION BISH, Individually, | ) | |
| and CHAUNEL JOHNSON, | ) | |
| Individually, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendants Charlotte-Mecklenburg Board of Education ("Defendant Board"), Dr. Marion Bish ("Defendant Bish"), and Chaunel Johnson ("Defendant Johnson"), by and through their undersigned counsel, hereby answer Plaintiff's Amended Complaint ("Complaint" or "Plaintiff's Complaint") in the captioned matter as follows:

## INTRODUCTION AND JURISDICTION

1.      Paragraph 1 of Plaintiff's Complaint states legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Plaintiff's Complaint purports to assert claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), and the Age Discrimination in Employment Act of 1967 ("ADEA").  Defendants deny violating Title VII, Section 1981, and the ADEA, or

engaging in any other unlawful conduct as alleged by Plaintiff in the Complaint. Except as expressly admitted herein, the allegations in Paragraph 1 of Plaintiff's Complaint are denied.

2.      It is admitted, upon information and belief, that Plaintiff filed several charges of race and age discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") since 2014. It is further admitted, upon information and belief, that Plaintiff filed five (5) Charges of Discrimination with the EEOC in 2016, EEOC Charge Numbers 430-2016-01215, 430-2016-00967, 430-2016-02028, 430-2016-00712, and 430-2016-01824 (the "Charges"). With respect to the specific allegations made in the Charges, Defendants refer to the Charges, which speak for themselves. Defendants Board and Johnson admit, upon information and belief, that the EEOC issued and mailed to Plaintiff Dismissal and Notice of Rights letters on the Charges filed in 2016, and that Plaintiff filed this lawsuit within ninety (90) days of receipt of those Dismissal and Notice of Rights letters. The remainder of Paragraph 2 states a legal conclusion, to which no response is required. Except as expressly admitted herein, the allegations in Paragraph 2 of Plaintiff's Complaint are denied.

3.      Paragraph 3 states legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant refers to 42 U.S.C. § 1981 and 42 U.S.C. § 1983, which statutes speaks for themselves.

4.      It is admitted that Defendant Board removed this action to this Court from state court, asserting that this Court has subject matter jurisdiction over the federal claims.

## PARTIES

5.      It is admitted, upon information and belief, that Plaintiff is a fifty-two (52) year-old African-American citizen and resident of Mecklenburg County, North Carolina.

2

6.     It is admitted that Defendant Board is a body corporate whose board members are duly elected by the citizens of Mecklenburg County and is charged by state law with control and operation of the public schools in the City of Charlotte and Mecklenburg County, known as the Charlotte-Mecklenburg Schools or "CMS."  Except as expressly admitted herein, the allegations in Paragraph 6 of Plaintiff's Complaint are denied.

7.     Paragraph 7 states a legal conclusion, to which no response is required.  To the extent a response is deemed necessary, it is admitted that Defendant Board employs more than 500 employees.  Except as expressly admitted herein, the allegations in Paragraph 7 of Plaintiff's Complaint are denied.

8.     It is denied that Defendant Bish is a citizen and resident of Mecklenburg County. Defendants are without sufficient information or knowledge regarding what "at all time relevant" means and, therefore, denies the same.

9.     It is denied that Defendant Johnson is a citizen and resident of Mecklenburg County. Defendants are without sufficient information or knowledge regarding what "at all time relevant" means and, therefore, denies the same.

10.    Paragraph 10 states a legal conclusion, to which no response is required.  To the extent a response is deemed necessary, Defendants refer to 42 U.S.C. § 1983, which statute speaks for itself.  Except as expressly admitted herein, the allegations in Paragraph 10 of Plaintiff's Complaint are denied.

## FACTS

11.    It is admitted, upon information and belief, that Plaintiff is an African-American who graduated from college and earned a Master's Degree in Rehabilitation Counseling.  Defendants are without sufficient information or knowledge upon which to form a belief as to the truthfulness

regarding the year Plaintiff graduated from college or received her Master's Degree. Except as expressly admitted herein, the allegations in Paragraph 11 of Plaintiff's Complaint are denied.

12.     It is admitted, upon information and belief, that Plaintiff had approximately five (5) years of counseling experience in South Carolina and approximately twelve (12) years of counseling experience in North Carolina when she accepted a position with Defendant Board in 2007. It is further admitted, upon information and belief, that Plaintiff worked with the South Carolina Department of Juvenile Justice for approximately five (5) months in 1989. Defendants deny that Plaintiff was hired by Defendant Board in August of 2007. Except as expressly admitted here, the allegations in Paragraph 12 of Plaintiff's Complaint are denied.

13.     It is admitted that Plaintiff was hired by CMS as a school counselor at James Martin Middle School in October of 2007. Defendants are without sufficient information or knowledge regarding what Plaintiff believes to be "good performance evaluations." Except as expressly admitted herein, the allegations in Paragraph 13 of Plaintiff's Complaint are denied.

14.     It is admitted that Plaintiff obtained a Post Master Certification in School Counseling from UNC-C. Defendants are without sufficient information or knowledge upon which to form a belief as to the truthfulness regarding whether Plaintiff enrolled in course work and obtained that certification from UNC-C while working at James Martin Middle School. Except as expressly admitted herein, the allegations in Paragraph 14 of Plaintiff's Complaint are denied.

15.     It is admitted that in August of 2010 Plaintiff began in an 11-month "Coach" position on a newly devised Early Intervention Team, which was a grant-funded program to identify and support at-risk students. Defendants are without sufficient information or knowledge upon which to form a belief as to the truthfulness regarding the remaining allegations in Paragraph 15 of Plaintiff's

Complaint and, therefore, deny the same. Except as expressly admitted herein, the allegations in Paragraph 15 of Plaintiff's Complaint are denied.

16. It is admitted that Plaintiff held that "Coach" position through June 2016. It is further admitted that between August 2010 and June 2016 the title of the program changed twice. Except as expressly admitted herein, the allegations in Paragraph 16 of Plaintiff's Complaint are denied.

17. Defendants are without sufficient information or knowledge regarding what Plaintiff believes to be "strong performance evaluations."

18. Defendants deny the allegations in Paragraph 18 of Plaintiff's Complaint.

19. As to Paragraph 19, Defendants are without sufficient information or knowledge upon which to form a belief as to the truthfulness of the allegation that Plaintiff never made any claims of discrimination in her first five (5) years with CMS. Defendants deny that Plaintiff never made any claims of discrimination in her prior twenty (20) years of employment.

20. It is admitted that in April 2012, Defendant Board began revamping the Early Intervention program and embraced the "Response to Instruction" or RtI model for at-risk student intervention. Except as expressly admitted herein, the allegations in Paragraph 20 of Plaintiff's Complaint are denied.

21. It is admitted that it was initially announced that the RtI program would keep ten (10) Early Intervention Coaches, employing them in permanent, 12-month positions. Except as expressly admitted herein, the allegations in Paragraph 21 of Plaintiff's Complaint are denied.

22. It is admitted that the Coaches not placed in the permanent, 12-month positions would be reassigned back to schools in 10-month positions. Except as expressly admitted herein, the allegations in Paragraph 22 of Plaintiff's Complaint are denied.

5

23.     It is admitted that the ten (10) Coaches placed in the permanent, 12-month positions would gain an additional month of salary and the reassigned Coaches would lose a month of salary. Defendants are without sufficient information or knowledge upon which to form a belief as to the truthfulness of the allegation that for Plaintiff, the positions involved a difference in pay of about $15,000 a year.  Except as expressly admitted herein, the allegations in Paragraph 23 of Plaintiff's Complaint are denied.

24.     It is admitted that the initial criteria for the ten (10) permanent, 12-month Coach positions was based on seniority, but the criteria later changed.  It is further admitted that Plaintiff was tenth on the seniority list.  Except as expressly admitted herein, the allegations in Paragraph 24 of Plaintiff's Complaint are denied.

25.     It is admitted that the criteria for selecting the ten (10) permanent, 12-month positions changed.  Defendants deny the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.     Defendants deny the allegations in Paragraph 26 of Plaintiff's Complaint.

27.     Defendants are without sufficient information or knowledge upon which to form a belief as to the truthfulness of the allegation that all ten (10) Coaches were cross trained to work in both academic and behavior areas.  Defendants deny the remaining allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.      Defendants are without sufficient information or knowledge upon which to form a belief as to the truthfulness of the allegations in Paragraph 28 of Plaintiff's Complaint and, therefore, deny the same.

29.     Defendants deny the allegations in Paragraph 29 of Plaintiff's Complaint.

30.     Defendants deny the allegations in Paragraph 30 of Plaintiff's Complaint.

31.     It is admitted that CMS placed ten (10) Coaches in 12-month permanent positions in 2012. It is further admitted that Plaintiff was chosen for an 11-month granted funded position in 2012. Except as expressly admitted herein, the allegations in Paragraph 31 of Plaintiff's Complaint are denied.

32.     It is admitted that Plaintiff filed an internal grievance during the 2012-2013 school year, which was investigated by Defendant.  Defendants deny the remaining allegations contained in Paragraph 32 of Plaintiff's Complaint.  Except as expressly admitted herein, the allegations in Paragraph 32 of Plaintiff's Complaint are denied.

33.      It is admitted that only four (4) keys were issued to Long Creek Elementary School where the staff office for the RtI Coaches was located.  It is further admitted that Plaintiff (and other Coaches without a key) had to ask one (1) of the four (4) with the key to let her in the building if she needed to access it.  Except as expressly admitted herein, the allegations in Paragraph 33 of Plaintiff's Complaint are denied.

34.     Defendants are without sufficient information or knowledge upon which to form a belief as to the truthfulness of the allegations in Paragraph 34 of Plaintiff's Complaint and, therefore, deny the same.

35.     It is admitted, upon information and belief, that at one point during the 2012-2013 school year, some of the RtI Coaches were scheduled to attend an out-of-town training.  It is further admitted that Plaintiff did not attend, even after offering to pay the costs out of her own funds. Except as expressly admitted herein, the allegations in Paragraph 35 of Plaintiff's Complaint are denied.

Case 3:17-cv-00317-MOC-DCK   Document 13   Filed 07/27/17   Page 7 of 30

36. Defendants are without sufficient information or knowledge upon which to form a belief as to the truthfulness of the allegations in Paragraph 36 of Plaintiff's Complaint and, therefore, deny the same.

37. Defendants are without sufficient information or knowledge upon which to form a belief as to the truthfulness of the allegations in Paragraph 37 of Plaintiff's Complaint and, therefore, deny the same.

38. Defendants are without sufficient information or knowledge upon which to form a belief as to the truthfulness of the allegations in Paragraph 38 of Plaintiff's Complaint and, therefore, deny the same.

39. Defendants are without sufficient information or knowledge upon which to form a belief as to the truthfulness of the allegations in Paragraph 39 of Plaintiff's Complaint and, therefore, deny the same.

40. It is admitted that Plaintiff filed an internal grievance during the 2014-2015 school year, which was investigated. Defendants deny the remaining allegations contained in Paragraph 40 of Plaintiff's Complaint. Except as expressly admitted herein, the allegations in Paragraph 40 of Plaintiff's Complaint are denied.

41. It is admitted that Plaintiff filed a Charge of Discrimination with the EEOC in 2014, Charge Number 430-2014-02051, alleging race and age discrimination and retaliation. With respect to the specific allegations made in Charge Number 430-2014-02051, Defendant refers to the Charge, which speaks for itself. This Charge of Discrimination does not form the basis of the present lawsuit. Except as expressly admitted herein, the allegations in Paragraph 41 of Plaintiff's Complaint are denied.

42.     It is admitted that at the start of the 2014-2015 school year, two (2) of the ten (10) permanent, RtI Coach positions were open from attrition.  It is further admitted that those two (2) vacant positions were not filled.  Defendants deny the remaining allegations contained in Paragraph 42 of Plaintiff's Complaint.  Except as expressly admitted herein, the allegations in Paragraph 42 of Plaintiff's Complaint are denied.

43.     Defendants deny the allegations in Paragraph 43 of Plaintiff's Complaint.

44.     It is admitted that during the 2014-2015 school year, the RtI program was shifted to the Learning Communities to supervise and evaluate the Coaches.  Defendants deny the remaining allegations contained in Paragraph 44 of Plaintiff's Complaint.  Except as expressly admitted herein, the allegations in Paragraph 44 of Plaintiff's Complaint are denied.

45.     It is admitted that the RtI program was renamed Multi-Tier System of Supports ("MTSS") to align with the State.  It is further admitted that the Coaches were reassigned to their respective Learning Community, depending upon the Coach's assigned cluster of schools.  Defendants deny that the program was renamed MTSS at the start of the 2015-2016 school year.  Except as expressly admitted herein, the allegations in Paragraph 45 of Plaintiff's Complaint are denied.

46.     It is admitted that Plaintiff moved to the East Learning Community and reported to Kondra Rattley, who served as the Executive Director of the East Learning Community at that time.  Except as expressly admitted herein, the allegations in Paragraph 46 of Plaintiff's Complaint are denied.

47.     Defendants are without sufficient information or knowledge upon which to form a belief as to the truthfulness of the allegations in Paragraph 47 of Plaintiff's Complaint and, therefore, deny the same.

48.     It is admitted that the two (2) 12-month MTSS Coach positions remained vacant. Defendants deny the remaining allegations contained in Paragraph 48 of Plaintiff's Complaint. Except as expressly admitted herein, the allegations in Paragraph 48 of Plaintiff's Complaint are denied.

49.     It is admitted that Plaintiff filed a Charge of Discrimination with the EEOC in 2015, Charge Number 430-2015-01294, alleging race discrimination and retaliation. With respect to the specific allegations made in Charge Number 430-2015-01294, Defendant refers to the Charge, which speaks for itself. This Charge of Discrimination does not form the basis of the present lawsuit. Except as expressly admitted herein, the allegations in Paragraph 49 of Plaintiff's Complaint are denied.

50.     It is admitted that the grant-funding for the MTSS Coach positions was ending at the close of the 2015-2016 school year. Defendants are without sufficient information or knowledge upon which to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 50 of Plaintiff's Complaint and, therefore, deny the same.

51.     It is admitted that four (4) Section 504 Program Facilitator positions came open in July 2015.[1] Defendants are without sufficient information or knowledge upon which to form a belief as to the truthfulness of the remaining allegations in Paragraph 51 of Plaintiff's Complaint and, therefore, deny the same. Except as expressly admitted herein, the allegations in Paragraph 51 of Plaintiff's Complaint are denied.

52.     It is admitted that all of the members of the Section 504 Program Facilitator interview team were white. It is further admitted that the four (4) individuals chosen for the Section 504 Program Facilitator positions were white. Defendants are without sufficient information or knowledge upon

---

[1] Plaintiff incorrectly refers to these positions as 504 Specialist positions. The correct title of the position is Section 504 Program Facilitator, which is how Defendants will refer to them in the Answer.

which to form a belief as to the truthfulness regarding the counseling experience of each candidate chosen, as the Section 504 Program Facilitator positions were not counseling positions and, therefore, deny the same.  Except as expressly admitted herein, the allegations in Paragraph 52 of Plaintiff's Complaint are denied.

53.     Defendants are without sufficient information or knowledge upon which to form a belief as to the truthfulness of the allegations in Paragraph 53 of Plaintiff's Complaint, and therefore, deny the same.[2]

54.     It is admitted that in October 2015, Plaintiff applied for a posted opening for an Elementary School Counseling Specialist position.  It is further admitted that this was a 12-month position. Defendants deny that this was an 11-month position.  Except as expressly admitted herein, the allegations in Paragraph 54 of Plaintiff's Complaint are denied.

55.     It is admitted that Plaintiff met all of the posted minimum criteria for the Elementary School Counseling Specialist position.  Except as expressly admitted herein, the allegations in Paragraph 55 of Plaintiff's Complaint are denied.

56.     It is admitted that Plaintiff was not interviewed for the Elementary School Counseling Specialist position.  Defendants deny that the essential duties of the Elementary School Counseling Specialist included essential duties of the MTSS Coach.  Except as expressly admitted herein, the allegations in Paragraph 56 of Plaintiff's Complaint are denied.

57.     It is admitted that a younger, white candidate was chosen for the Elementary School Counseling Specialist position.  It is further admitted that the job description created and used by Defendant Bish included three (3) years of elementary counseling experience.  Defendants deny

---

[2] Paragraph 53 of Plaintiff's Complaint is not a complete sentence and Defendants are unsure of what Plaintiff is attempting to allege therein.

the remaining allegations contained in Paragraph 57 of Plaintiff's Complaint. Except as expressly admitted herein, the allegations in Paragraph 57 of Plaintiff's Complaint are denied.

58.     Defendants deny the allegations in Paragraph 58 of Plaintiff's Complaint.

59.     It is admitted that on December 14, 2015 and December 18, 2015, Plaintiff requested a meeting between Student Services, Human Resources, and the MTSS Coaches. Defendants are without sufficient information or knowledge upon which to form a belief as to the truthfulness regarding the purpose of the meeting. Except as expressly admitted herein, the allegations in Paragraph 59 of Plaintiff's Complaint are denied.

60.     It is admitted that Defendant Bish did not facilitate such a meeting, as she did not supervise or oversee the Coaches. It is further admitted that Defendant Bish thought the meeting would best be set up by Human Resources, and Plaintiff contacted Human Resources and Employee Relations on that same day, December 18, 2015. Defendant Bish denies that she was unwilling to meet with Plaintiff. Defendants deny that December 18, 2015 was the last workday of 2015. Except as expressly admitted herein, the allegations in Paragraph 60 of Plaintiff's Complaint are denied.

61.     It is admitted that Plaintiff filed a Charge of Discrimination with the EEOC on January 15, 2016, Charge Number 430-2016-00712, alleging race and age discrimination and retaliation. With respect to the specific allegations made in Charge Number 430-2016-00712, Defendants refer to the Charge, which speaks for itself. Except as expressly admitted herein, the allegations in Paragraph 61 of Plaintiff's Complaint are denied.

62.     Defendants deny the allegations in Paragraph 62 of Plaintiff's Complaint.

63.     Defendants deny the allegations in Paragraph 63 of Plaintiff's Complaint.

64.     It is admitted that the CMS grievance policy defines a "day" as any day other than a weekend day or legal holiday. Defendants are without sufficient information or knowledge upon

which to form a belief as to the truthfulness regarding why the Board granted Plaintiff's grievance appeal hearing about the Elementary School Counseling Specialist position. Except as expressly admitted herein, the allegations in Paragraph 64 of Plaintiff's Complaint are denied.

65.     It is admitted that on February 2, 2016, a letter went out confirming that the MTSS program was ending that school year and all Coaches would be reassigned to 10-month school counselor positions in the summer. Except as expressly admitted herein, the allegations in Paragraph 65 of Plaintiff's Complaint are denied.

66.     It is admitted that Plaintiff filed a Charge of Discrimination with the EEOC on February 26, 2016, Charge Number 430-2016-00967, alleging retaliation. With respect to the specific allegations made in Charge Number 430-2016-00967, Defendants refer to the Charge, which speaks for itself. Except as expressly admitted herein, the allegations in Paragraph 66 of Plaintiff's Complaint are denied.

67.     It is admitted, upon information and belief, that Plaintiff filed a grievance on March 10, 2016 and amended it on March 30, 2016, including the Elementary School Counseling Specialist position. Except as expressly admitted herein, the allegations in Paragraph 67 of Plaintiff's Complaint are denied.

68.     It is admitted that Defendant Johnson met with Plaintiff on April 12, 2016 in an attempt to gather details about incidents that Plaintiff believed supported her claims so that Defendant Johnson could investigate them. It is further admitted that during this meeting, Defendant Johnson explained that Plaintiff's claims were vague and lacked the detail she needed to conduct a thorough investigation. It is further admitted that when Plaintiff referred to the past grievances, Defendant Johnson explained that those grievances had been investigated and the dates were outside of the

timeline set by the Grievance Policy. Except as expressly admitted herein, the allegations in Paragraph 68 of Plaintiff's Complaint are denied.

69.     It is admitted that Plaintiff filed a Charge of Discrimination with the EEOC on April 12, 2016, Charge Number 430-2016-01215, alleging race and age discrimination and retaliation. With respect to the specific allegations made in Charge Number 430-2016-01215, Defendants refer to the Charge, which speaks for itself. Except as expressly admitted herein, the allegations in Paragraph 69 of Plaintiff's Complaint are denied.

70.     It is admitted that Plaintiff submitted a new internal grievance in May 2016 alleging that Human Resources was blocking her rather than addressing her concerns. Except as expressly admitted herein, the allegations in Paragraph 70 of Plaintiff's Complaint are denied.

71.      It is admitted that at the end of the 2015-2016 school year, all MTSS 11-month Coach positions, including the Plaintiff's, were eliminated. It is further admitted that Plaintiff was reassigned to a 10-month school counselor position. Except as expressly admitted herein, the allegations in Paragraph 71 of Plaintiff's Complaint are denied.

72.     It is admitted that during the summer of 2016, Human Resources posted four (4) Intervention Team Specialist positions. Defendants deny that Defendant Bish posted the positions. Defendants are without sufficient information or knowledge upon which to form a belief as to the truthfulness regarding whether the Intervention Team Specialist positions were a "revamp" of the MTSS program. Except as expressly admitted herein, the allegations in Paragraph 72 of Plaintiff's Complaint are denied.

73.     It is admitted that Plaintiff applied for the four (4) Intervention Team Specialist vacancies. It is further admitted that the essential duties of those positions were similar to the essential duties of the MTSS Coach positions; those four (4) vacancies; however, required an academic

14

background and current teaching license, which Plaintiff did not possess. Defendants are without sufficient information or knowledge regarding what Plaintiff believes to be "very high performance ratings." Except as expressly admitted herein, the allegations in Paragraph 73 of Plaintiff's Complaint are denied.

74.     It is admitted that Plaintiff was not granted an interview for any of the four (4) Intervention Team Specialist positions, as she did not meet the minimum criteria. Except as expressly admitted herein, the allegations in Paragraph 74 of Plaintiff's Complaint are denied.

75.     It is admitted, upon information and belief, that Plaintiff applied for the following positions during 2016: Title I Specialist, filled February 17, 2016; Pre-K Screener, Bright Beginnings, closed February 26, 2016; CTE Central Office Curriculum Coordinator, Marketing, filled March 18, 2016; Assistant Director, CTEC Operations Supports, closed March 31, 2016; Assistant Director, CTEC Learning Supports, closed March 31, 2016; Foundation Specialist, filled April 5, 2016; High School Counseling Specialist, filled April 7, 2016; EC Behavior Support Liaison, filled April 24, 2016; What Works Coordinator, filled May 16, 2016; EC Coordinator, closed June 6, 2016; Student Services Facilitator, filled June 10, 2016; and Professional Development Specialist, filled July 29, 2016. Defendants are without sufficient information or knowledge upon which to form a belief as to the truthfulness regarding whether or not Plaintiff was granted an interview for any of the positions listed above. Except as expressly admitted herein, the allegations in Paragraph 75 of Plaintiff's Complaint are denied.

76.     It is admitted that Plaintiff filed a Charge of Discrimination with the EEOC on July 19, 2016, Charge Number 430-2016-01824, alleging race and age discrimination and retaliation. With respect to the specific allegations made in Charge Number 430-2016-01824, Defendants refer to

the Charge, which speaks for itself. Except as expressly admitted herein, the allegations in Paragraph 76 of Plaintiff's Complaint are denied.

77.     It is admitted that Defendant Board hired outside counsel to investigate Plaintiff's concerns in August of 2016. It is further admitted that on September 12, 2016, outside counsel found no evidence to support Plaintiff's claims. Except as expressly admitted herein, the allegations in Paragraph 77 of Plaintiff's Complaint are denied.

78.     It is admitted that Plaintiff filed a Charge of Discrimination with the EEOC on August 12, 2016, Charge Number 430-2016-02028, alleging retaliation. With respect to the specific allegations made in Charge Number 430-2016-02028, Defendants refer to the Charge, which speaks for itself. Except as expressly admitted herein, the allegations in Paragraph 78 of Plaintiff's Complaint are denied.

79.     It is admitted that Plaintiff was interviewed for two (2) vacant positions – an Intervention Team Specialist position and a Social Emotional Learning Specialist position – but was not chosen for either position. Defendants deny the remaining allegations contained in Paragraph 79 of Plaintiff's Complaint. Except as expressly admitted herein, the allegations in Paragraph 79 of Plaintiff's Complaint are denied.

80.     It is admitted that one (1) position Plaintiff received an interview for was an Intervention Team Specialist position. It is further admitted that the three (3) member interview panel consisted of all white individuals, and that a white candidate was recommended for the position. Defendants are without sufficient information or knowledge regarding what Plaintiff believes to be "far less experience." Defendants are without sufficient information or knowledge upon which to form a belief as to the truthfulness of the remaining allegations in Paragraph 80 of Plaintiff's Complaint

16

and, therefore, deny the same. Except as expressly admitted herein, the allegations in Paragraph 80 of Plaintiff's Complaint are denied.

81.     It is admitted that Plaintiff was not chosen for the position of Intervention Team Specialist. It is further admitted that a white candidate was hired by Defendant Board to fill that position. Defendants are without sufficient information or knowledge upon which to form a belief as to the truthfulness of the remaining allegations in Paragraph 81 of Plaintiff's Complaint and, therefore, deny the same. Except as expressly admitted herein, the allegations in Paragraph 81 of Plaintiff's Complaint are denied.

82.     It is admitted that Plaintiff was not chosen for a Social Emotional Learning Specialist position for which she interviewed. It is further admitted that an African-American employee was chosen for the position. Defendants are without sufficient information or knowledge upon which to form a belief as to the truthfulness regarding whether the chosen employee had less MTSS experience than Plaintiff or whether Plaintiff had coached that candidate when she was a school counselor. Except as expressly admitted herein, the allegations in Paragraph 82 of Plaintiff's Complaint are denied.

83.     It is admitted that Plaintiff grieved the decisions to not hire her for the Intervention Team Specialist position or the Social Emotional Learning Specialist position. Defendants deny the remaining allegations in Paragraph 83 of Plaintiff's Complaint. Except as expressly admitted herein, the allegations in Paragraph 83 of Plaintiff's Complaint are denied.

84.     It is admitted that the matter referenced in Paragraph 84 is pending before the Board in the grievance process as of the filing of this action. Except as expressly admitted herein, the allegations in Paragraph 84 of Plaintiff's Complaint are denied.

17

85.     It is admitted that in October of 2016, Plaintiff submitted her argument and supporting materials to the Board regarding her appeal from being denied an interview for the 12-month Elementary School Counseling Specialist position.   Except as expressly admitted herein, the allegations in Paragraph 85 of Plaintiff's Complaint are denied.

86.     Defendants are without sufficient information or knowledge upon which to form a belief as to the truthfulness of the allegations in Paragraph 86 of Plaintiff's Complaint and, therefore, deny the same.

87.     Defendants deny that Plaintiff's Principal was upset with her for "uncovering a problem at his school."  Defendants are without sufficient information or knowledge upon which to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 87 of Plaintiff's Complaint and, therefore, deny the same.

88.     It is admitted that Plaintiff was assigned to a school for the 2016-2017 school year as an Elementary Counselor.  Defendants are without sufficient information or knowledge regarding what Plaintiff had "discovered" at the school where she was assigned as an Elementary Counselor. Defendants are without sufficient information or knowledge regarding what Plaintiff means by "completely botched the MTSS process the prior school year" but deny the same.  It is admitted that students from the prior year remained in the program for the 2016-2017 school year, as the MTSS process is continual.  Except as expressly admitted herein, the allegations in Paragraph 88 of Plaintiff's Complaint are denied.

89.     It is admitted that Plaintiff felt that having students carry over from the prior school year was a "serious problem."  Defendants deny that the Principal ignored Plaintiff's concerns.  Except as expressly admitted herein, the allegations in Paragraph 89 of Plaintiff's Complaint are denied.

90.     It is admitted, upon information and belief, that at some time after Plaintiff submitted her appeal arguments to Defendant Board, the Principal of her school had a phone conversation with Defendant Bish and held a meeting with the MTSS team at the school.  Defendants deny that the conversation with Defendant Bish and the subsequent MTSS team meeting were a result of Plaintiff submitting appeal documents to Defendant Board.  Defendants deny the remaining allegations contained in Paragraph 90 of Plaintiff's Complaint.  Except as expressly admitted herein, the allegations in Paragraph 90 of Plaintiff's Complaint are denied.

91.     Defendants deny that contrary to the MTSS protocols, the Principal announced that Plaintiff would be solely responsible for deciding the intervention level of each identified student, including the students from the prior school year and those newly identified this school year.  Defendants are without sufficient information or knowledge upon which to form a belief as to the truthfulness of whether Plaintiff helped draft and implement the MTSS protocols.  It is admitted that the MTSS team was to clear up all carryover from the prior year, as referenced in Paragraph 84, before winter break in December, setting a date for completion.  Defendants deny that this was to be the sole responsibility of the Plaintiff.  Except as expressly admitted herein, the allegations in Paragraph 91 of Plaintiff's Complaint are denied.

92.     It is admitted that Plaintiff stated during the MTSS team meeting that the Principal contradicted the MTSS model, where teams assessed the students' needs, not a single person, and that his expectations that she could resolve all of those issues in a matter of weeks while performing her regular duties was unreasonable.  It is further admitted that the Principal explained that the MTSS team would be resolving the carryover cases from the prior year, not just Plaintiff.  Except as expressly admitted herein, the allegations in Paragraph 92 of Plaintiff's Complaint are denied.

93.     It is admitted that the Principal stated during the MTSS team meeting that Plaintiff shared with him that she had "written the book on MTSS," and as such, Plaintiff could help the team get the work done.  Defendants deny that Plaintiff was solely responsible for this task.  It is admitted that Plaintiff stated during the MTSS team meeting that she felt she was being retaliated against, and in response to that statement, the Principal stated that he did not "do retaliation."  It is denied that the Principal declared, out of nowhere, that he did not "do retaliation."  Defendants further deny that this statement was an obvious reference to Plaintiff's grievances that she had been retaliated against, as Defendants deny that the Principal had any knowledge of her pending grievances.  It is admitted that the Principal told the Plaintiff she should "go home" at the end of the MTSS meeting, as the Plaintiff was crying, shaking, and raising her voice.  It is further admitted that other members of the MTSS team were present when the Principal asked Plaintiff to go home. Except as expressly admitted herein, the allegations in Paragraph 93 of Plaintiff's Complaint are denied.

94.     Defendants are without sufficient information or knowledge regarding how Plaintiff felt during the MTSS team meeting referenced in Paragraph 94 of Plaintiff's Complaint.

95.     Defendants deny that Plaintiff has been taken out of work indefinitely by her doctor. Defendants are without sufficient information or knowledge upon which to form a belief as to the truthfulness of the remaining allegations in Paragraph 95 of Plaintiff's Complaint and, therefore, deny the same.

96.     It is admitted that Plaintiff attempted to grieve the alleged treatment by her Principal in January 2017.  It is further admitted that Defendant Johnson found that the actions Plaintiff grieved were unsubstantiated.  Defendants deny the remaining allegations in Paragraph 96 of Plaintiff's

Complaint. Except as expressly admitted herein, the allegations in Paragraph 96 of Plaintiff's Complaint are denied.

97.     Defendants deny the allegations in Paragraph 97 of Plaintiff's Complaint.

## FIRST CAUSE OF ACTION

98.     With respect to the allegations contained in Paragraph 98 of Plaintiff's Complaint, Defendant Board hereby re-alleges the responses previously set forth in the Answer and incorporates them by reference as if fully set forth herein.

99.     It is admitted that Plaintiff is African-American and in that protected class of employees. Defendant Board is without sufficient information or knowledge regarding what Plaintiff believes to be "perform[ing] her job at a very satisfactory level." Defendant Board denies the remaining allegations contained in Paragraph 99 of Plaintiff's Complaint. Except as expressly admitted herein, the allegations in Paragraph 99 of Plaintiff's Complaint are denied.

100.     Defendant Board denies the allegations in Paragraph 100 of Plaintiff's Complaint.

101.     Defendant Board denies the allegations in Paragraph 101 of Plaintiff's Complaint.

102.     Defendant Board denies the allegations in Paragraph 102 of Plaintiff's Complaint. It is admitted that Plaintiff is alleging such damages, but Defendant Board denies any wrongdoing and that such alleged damages are related in any way to Defendant Board's conduct. Except as expressly admitted herein, the allegations in Paragraph 102 of Plaintiff's Complaint are denied.

103.     Defendant Board denies the allegations in Paragraph 103 of Plaintiff's Complaint. It is admitted that Plaintiff is alleging such damages, but Defendant Board denies any wrongdoing and that such alleged damages are related in any way to Defendant Board's conduct. Except as expressly admitted herein, the allegations in Paragraph 103 of Plaintiff's Complaint are denied.

## SECOND CAUSE OF ACTION

104.   With respect to the allegations contained in Paragraph 104 of Plaintiff's Complaint, Defendant Board hereby re-alleges the responses previously set forth in the Answer and incorporates them by reference as if fully set forth herein.

105.   It is admitted that Plaintiff is an African-American who has filed charges of race discrimination against Defendant Board.  Defendant Board denies the remaining allegations contained in Paragraph 105 of Plaintiff's Complaint.  Except as expressly admitted herein, the allegations in Paragraph 105 of Plaintiff's Complaint are denied.

106.   Defendant Board is without sufficient information or knowledge regarding what Plaintiff believes about her job performance.  Defendant Board denies the remaining allegations contained in Paragraph 106 of Plaintiff's Complaint.

107.   Defendant Board denies the allegations in Paragraph 107 of Plaintiff's Complaint.

108.   Defendant Board denies the allegations in Paragraph 108 of Plaintiff's Complaint.  It is admitted that Plaintiff is alleging such damages, but Defendant Board denies any wrongdoing and that such alleged damages are related in any way to Defendant Board's conduct.  Except as expressly admitted herein, the allegations in Paragraph 108 are denied.

109.   Defendant Board denies the allegations in Paragraph 109 of Plaintiff's Complaint.  It is admitted that Plaintiff is alleging such damages, but Defendant Board denies any wrongdoing and that such alleged damages are related in any way to Defendant Board's conduct.  Except as expressly admitted herein, the allegations in Paragraph 109 of Plaintiff's Complaint are denied.

## THIRD CAUSE OF ACTION

110. With respect to the allegations contained in Paragraph 110 of Plaintiff's Complaint, Defendant Bish and Defendant Johnson hereby re-allege the responses previously set forth in the Answer and incorporate them by reference as if fully set forth herein.

111. Defendant Bish and Defendant Johnson deny the allegations in Paragraph 111 of Plaintiff's Complaint.

112. Defendant Bish and Defendant Johnson deny the allegations in Paragraph 112 of Plaintiff's Complaint. It is admitted that Plaintiff is alleging such damages, but Defendant Bish and Defendant Johnson deny any wrongdoing and that such alleged damages are related in any way to Defendant Bish's or Defendant Johnson's conduct. Except as expressly admitted herein, the allegations in Paragraph 112 of Plaintiff's Complaint are denied.

113. Defendant Bish and Defendant Johnson deny the allegations in Paragraph 113 of Plaintiff's Complaint. It is admitted that Plaintiff is bringing this action against Defendant Bish and Defendant Johnson, but Defendant Bish and Defendant Johnson deny any wrongdoing. Except as expressly admitted herein, the allegations in Paragraph 113 are denied.

114. Defendant Bish and Defendant Johnson deny the allegations in Paragraph 114 of Plaintiff's Complaint. It is admitted that Plaintiff is alleging such damages, but Defendant Bish and Defendant Johnson deny any wrongdoing and that such alleged damages are related in any way to Defendant Bish's or Defendant Johnson's conduct. Except as expressly admitted herein, the allegations in Paragraph 114 of Plaintiff's Complaint are denied.

## FOURTH CAUSE OF ACTION

115.   With respect to the allegations contained in Paragraph 115 of Plaintiff's Complaint, Defendant Board hereby re-alleges the responses previously set forth in the Answer and incorporates them by reference as if fully set forth herein.

116.   Defendant Board denies the allegations in Paragraph 116 of Plaintiff's Complaint.

117.   Defendant Board denies the allegations in Paragraph 117 of Plaintiff's Complaint.

118.   Defendant Board denies the allegations in Paragraph 118 of Plaintiff's Complaint.

119.   Defendant Board denies the allegations in Paragraph 119 of Plaintiff's Complaint.  It is admitted that Plaintiff is alleging such damages, but Defendant Board denies any wrongdoing and that such alleged damages are related in any way to Defendant Board's conduct.  Except as expressly admitted herein, the allegations in Paragraph 119 of Plaintiff's Complaint are denied.

## JURY DEMAND

120.   Plaintiff's request for a jury trial, stated in Paragraph 120 of Plaintiff's Complaint, states a legal conclusion to which no response is required.

## PRAYER FOR RELIEF

121.   Plaintiff's prayer for relief, including Paragraphs a, b, c, and d, is denied.  Defendants admit that Plaintiff seeks the relief specified, but deny that Plaintiff is entitled to any such relief.

122.   Each and every allegation contained in Plaintiff's Complaint, whether expressed or implied, that is not specifically admitted herein is denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed, in whole or in part, to the extent it fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants plead all immunities to which they are entitled under the law, including but not limited to governmental immunity and qualified immunity.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent Plaintiff has failed to satisfy all conditions precedent or statutory prerequisites required by applicable laws.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that they involve transactions or events which are outside the applicable statute(s) of limitations.

## FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff makes allegations in the Complaint that were not raised in the Charges she filed with the EEOC, such allegations exceed the scope of her Charges and are barred.

## SIXTH AFFIRMATIVE DEFENSE

Any and all actions taken by Defendants with regard to Plaintiff were based solely on legitimate, business-related, non-discriminatory, non-pretextual reasons, were not contrary to public policy or unlawful, and were otherwise justified by business necessity.

## SEVENTH AFFIRMATIVE DEFENSE

At all times relevant to this action, Defendants have acted in good faith in full compliance with all applicable laws.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants deny that any act or omission on its part is the proximate cause of the injuries and damages Plaintiff alleges in her Complaint.

## NINTH AFFIRMATIVE DEFENSE

Any psychological problems or mental/emotional distress Plaintiff claims to suffer are the result of other causes unrelated to Defendants.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, from recovery of damages by the after-acquired evidence doctrine.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent it may be found that Plaintiff was subjected to any discriminatory conduct alleged in the Complaint, which is vehemently denied, such conduct was contrary to Defendants' good faith efforts to comply with applicable law. Consequently, any claim for punitive damages is barred.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering any punitive damages against Defendants because they did not act with knowing or reckless indifference to Plaintiff's rights under federal or state law, nor did they commit any knowing, wanton, or malicious acts with respect to Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff had and continues to have the ability to mitigate any alleged damages and, to the extent Plaintiff has failed to mitigate any such damages, Plaintiff is barred from recovering damages in this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants aver that any back pay amounts allegedly owed to Plaintiff must be offset by Plaintiff's interim earnings and/or amounts earnable by Plaintiff with reasonable diligence.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants exercised reasonable care to prevent and correct promptly any alleged discriminatory and/or retaliatory behavior.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that any of the alleged wrongs were committed by others, any and all such claims are barred as against Defendants in their entirety.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff makes allegations or claims under Title VII or the ADEA, and failed to file a civil action within ninety (90) days after receiving notice of a right to sue from the EEOC, such allegations or claims are barred.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because any recovery from Defendants would result in Plaintiff's unjust enrichment.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendants deny that they have engaged in intentional discrimination against Plaintiff.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff is not entitled to receive punitive damages because Plaintiff has not pled facts sufficient to support such an award.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to receive punitive damages because Defendants have made good faith efforts to prevent discrimination in its workplace.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to receive punitive damages because Defendant Board had in place policies to prevent discrimination and retaliation in its workplace and made good faith efforts to implement and enforce those policies.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The continuing violation doctrine does not apply to Plaintiff's claims.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff makes claims under the ADEA, Plaintiff has not pled sufficient facts to allege that age was the but-for cause for any alleged adverse employment actions.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff makes claims under the ADEA, Plaintiff did not meet the Defendant Board's legitimate expectations at the time of any alleged adverse employment actions.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend the Answer and assert any additional affirmative defenses as they may become available or apparent throughout this litigation.

**WHEREFORE**, the Defendants pray the Court as follows:

1.     That Plaintiff have and recover nothing of Defendants in this action;

2.     That the Court dismiss this action in its entirety with prejudice;

3.     That the Court award Defendants costs, attorneys' fees, and all other fees incurred in the defense of this action as provided by applicable law; and

4.    For such other relief as the Court deems just and proper.


This the 27th day of July, 2017.




                                        /s/ Courtney C. Rogers                        
                                        Courtney C. Rogers
                                        N.C. Bar No. 46365
                                        J. Melissa Woods
                                        N.C. Bar No. 21313
                                        Charlotte-Mecklenburg Board of Education
                                        600 E. Fourth Street, 5th Floor
                                        Charlotte, North Carolina 28202
                                        Phone: 980-343-6228; Facsimile: 980-343-5739
                                        Email: courtneyc.rogers@cms.k12.nc.us
                                        Email: jamiem.woods@cms.k12.nc.us
                                        Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this date the undersigned filed the foregoing **Answer** using the

Court's CM/ECF system, which will send notification of such filing to the following CM/ECF

participants.  All participants in this case are registered CM/ECF users and will be served by the

CM/ECF system.


This the 27th day of July, 2017.


/s/ Courtney C. Rogers
Courtney C. Rogers
N.C. Bar No. 46365
J. Melissa Woods
N.C. Bar No. 21313
Charlotte-Mecklenburg Board of Education
600 E. Fourth Street, 5th Floor
Charlotte, North Carolina 28202
Phone: 980-343-6228; Facsimile: 980-343-5739
Email: courtneyc.rogers@cms.k12.nc.us
Email: jamiem.woods@cms.k12.nc.us
Attorneys for Defendants